# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07CV358-C

| | |
|---|---|
| WAYNE EUGENE JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BOBBIE ELLER, STEVE ) <br> RANKIN, and ED BELL, ) <br> ) <br> Defendants. ) <br> ) | **MEMORANDUM AND RECOMMENDATION** <br> **AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' "Motion to Dismiss" (document #10) and "Memorandum ... in Support ..." (document #11), both filed November 21, 2007. The pro se Plaintiff has not filed a brief opposing or otherwise responded to the Defendants' Motion, and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for the Court's consideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover compensatory and punitive damages for unlawful employment discrimination based on race and color in violation of of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII").

The pro se Plaintiff, Wayne Eugene Jackson, is a former employee of non-party Myers Park Country Club ("the Club"). The Plaintiff identifies the Defendants, Bobbie Eller, Steve Rankin, and Ed Bell, respectively, as the Club's Social Director, a Club Department Manager, and his supervisor.

On August 28, 2007, the Plaintiff, proceeding pro se, filed the instant lawsuit, using a "form book" Complaint, alleging generally that during February and March, 2007, the Defendants subjected him to discrimination based upon his race and color that initially included a suspension without pay and concluded in his termination in violation of Title VII.

On November 21, 2007, the Defendants filed their Motion to Dismiss the Complaint, which as noted consists entirely of Title VII claims pled against these individual Defendants, rather than the Plaintiff's former employer.

The Defendants' Motion has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief") (internal citation omitted).

In considering a Rule 12(b)(6) motion, a complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, even taking the limited allegations of the pro se Complaint as entirely true and construing every possible inference therefrom in the Plaintiff's favor, his Title VII claims must be dismissed. Indeed, the Fourth Circuit Court of Appeals has unequivocally held that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649,

3

653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); and Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

The Fourth Court has stated that:

> Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 181. Accord Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (rejecting individual liability under the ADEA); Disher v. Weaver, 308 F. Supp. 2d 614, 624 (M.D.N.C. 2004) (applying Lissau to dismiss Title VII claim against former supervisor); and Buckner v. General Signal Technology Corporation, et. al., 163 F. Supp. 2d 617, 626 (W.D.N.C. 2000) (same).

Accordingly, because as a matter of law, the Defendants are not proper defendants to the Plaintiff's Title VII claims, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted.

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned will respectfully recommend that the Defendants' "Motion to Dismiss" (document #10) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

4

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff (Wayne Eugene Jackson, 4001 Broadview Drive, Charlotte, North Carolina 28217); to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: December 13, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge